IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ C. ROMAN-LOPEZ,

     Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

CIVIL NO. 11-1971 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Luz C. Román-López (hereafter plaintiff "Román-López") filed an application for a period of disability and disability insurance benefits with defendant, the Commissioner of Social Security (hereafter "Commissioner").  The application alleged disability since April 11, 2005.  Román-López meets the insured status requirement through June 30, 2010.  She claims inability to work since onset date due to degenerative disc disease of the lumbar spine, left shoulder impingement syndrome and an affective disorder.

After the application was denied initially and upon reconsideration, the requested administrative hearing was held on October 1, 2009.  Román-López waived being present at the hearing.  Thereafter, plaintiff's legal representative requested disqualification of the hearing monitor and, upon denial by the presiding Administrative Law Judge ("ALJ"), counsel for plaintiff left the hearing.  As such, Román-López did not benefit from submitting any questions to the vocational expert who testified at the administrative hearing.  The ALJ issued a decision, which was affirmed by the Appeals Council, denying the application for disability benefits upon finding plaintiff Román-López could still perform work as surveillance system monitor a job within the residual functional capacity

for sedentary type of work. This job was identified through the vocational expert's testimony. As such, the ALJ found Román-López not disabled, which decision was affirmed by the Appeals Council.

On October 3, 2011, plaintiff Román-López filed this federal action seeking judicial review of the Commissioner's final decision denying her application for a protected period of disability and ensuing disability benefits. (Docket No. 1).[1]

On May 17, 2012, after the Commissioner answered the Complaint with copy of the administrative record, plaintiff's counsel, Atty. Salvador Medina De-La-Cruz, filed an "Informative Motion" consenting therein for the case to be referred to a Magistrate Judge for disposition. (Docket No. 10). The parties have thereafter filed respective memoranda of law. (Docket Nos. 19 and 24).

Having examined the pleadings, including a review of the administrative record, and the applicable legal provisions, it is now proper to discuss the disposition of the pending motions.

## BACKGROUND

Plaintiff Román-López filed her application for a protected period of disability and disability insurance benefits with alleged onset date of April 11, 2005, because of exertional and non-exertional conditions, to wit, a degenerative disc disease of the lumbar spine, left shoulder impingement syndrome and an affective disorder diagnosed as major depression, recurrent.

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Luz C. Román-López v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1971 (CVR)
Page No. 3

The application was initially denied and was also denied on reconsideration. After an administrative hearing was held, wherein plaintiff Román-López waived being present, the presiding ALJ considered the medical evidence of record and the testimony of a vocational expert, Mr. Víctor G. Alberigi, who was posed some hypothetical questions as to the existence of jobs in the national economy within the assessed residual functional capacity. Thereafter, the ALJ issued an opinion finding that, although plaintiff could not perform her previous relevant work in the sewing and manufacturing industry nor as fish cleaner or as operator in the pharmaceutical industry, she was not under disability. The ALJ reached a decision that plaintiff Román-López was not disabled for according to the vocational expert's testimony there was a job available –surveillance system monitor– regardless that plaintiff's maximum exertional capacity was sedentary and she had restriction in the use of the left arm of not more than two hours in an eight hour day, not consecutively.[2] Plaintiff Román-López was also restricted by her mental impairments to jobs that were simple, repetitive tasks, with no contact with the public and occasional contact with supervisors and co-workers. (Docket No. 7, Transcript p. 10). The vocational expert stated the job as surveillance system monitor was classified as sedentary, unskilled and required no reaching, handling or fingering. (*Id.*, pp. 10-11). In the area of Puerto Rico there were approximately 1,350 of said jobs and in the region some 300. (*Id.*, p. 12).

---

[2] Plaintiff was right arm dominant but the use of her hands was limited to gross manipulation and not capable of fine manipulation. (Docket No. 7, Transcript p.7).

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff Román-López was insured for disability purposes up to June 30, 2010 and did not engage in substantial gainful activity since April 11, 2005, the alleged onset date of disability.  The ALJ's opinion determined she was diagnosed with herniated nucleous pulposus through MRI and low back pain with radiation to the left upper extremity.  Her left shoulder pain was evidenced by an MIRI which showed evidence of tendonitis and another MRI revealed partial thickness tear of the labrum –injury to the shoulder joint– in the left shoulder.  (Docket No. 7, Transcript, p. 15).

Plaintiff Román-López received treatment through the State Insurance Fund (hereafter "SIF") for her physical and a mental impairment with symptoms of depression, poor concentration, lack of interest, sleep disturbance and feelings of hopelessness and worthlessness.  The ALJ found these impairments had more than a minimal effect on plaintiff's ability to perform work functions. (*Id.*).  The ALJ also considered that plaintiff's obesity might, by itself, be equivalent in severity to a listed condition and could elevate other impairments to listing-level significance but declined to apply such alternatives, considering obesity within the residual functional capacity.  (*Id.*, p. 16).  The ALJ concluded plaintiff's impairments, although severe, did not meet the criteria for the Listing of Impairments.

As to the mental impairment, the ALJ discussed that activities of daily and social functioning showed only moderate restrictions, there were no repeated episodes of decompensation and there were moderate difficulties in regards to concentration, persistence or pace. (*Id.*, p. 17).  Examining the entire record, the ALJ concluded Román-

López retained the residual functional capacity to perform sedentary work, except that her left arm was functional occasionally during an eight-hour workday and she could perform gross, but not fine manipulation with the left hand.   Considering plaintiff's mental impairment, the ALJ found plaintiff capable of performing simple, repetitive tasks but should avoid any contact with the public and have occasional contact with supervisors and co-workers.  (Docket No. 7, Transcript, p. 18).

The ALJ also considered the existence of complaints of severe back pain with radiation into both lower extremities and left shoulder pain.  The MRI of the lumbar spine demonstrated a small disc herniation at L4-L5 without significant canal stenosis and small annular disc bulge at L5-S1. Another MRI of the left shoulder demonstrated an impingement syndrome and tendonitis but no evidence of rotator cuff tear or muscle atrophy.   The MRI of the cervical spine showed bulging disc at C6-C7 level without significant stenosis.   The ALJ concluded there was no record of hospitalizations or emergency room treatment and the record did not show marked diminished range of motion or muscle atrophy, being treated conservatively with anti-inflammatory medication, acupuncture, physical therapy and epidural steroid injection, while surgical interventions for the back or left shoulder were not recommended.  (*Id.*, pp. 18-19).

On July 10, 2006, Dr. Ricardo Cardona-Beltrán (hereafter "Dr. Cardona-Beltrán") opined Román-López could sit, stand or walk only for less than 2 hours in a workday, that she presented a major depressive and anxiety disorder and radiculopathy at L5-S1 with significant limited range of motion.  The ALJ stated he gave little weight to said medical opinion because of limited objective evidence to establish such degree of disability and

Luz C. Román-López v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1971 (CVR)
Page No. 6

because Dr. Cardona-Beltrán did not address the paucity of the objective evidence vis a vis plaintiff's subjective complaints. (*Id.*, p. 20).

The medical evidence examined by the ALJ showed symptoms of depression and plaintiff Román-López was hospitalized in November 2005. Dr. Ariel Rojas-Davis (hereafter "Dr. Rojas-Davis") determined the Global Assessment of Functioning ("GAF") was 30 at the time which suggested serious impairment in communication or judgment and inability to function in almost all major areas at the time. The ALJ still considered said GAF was made absent of any sustained mental health treatment or long-term benefit from appropriate psychotropic medications. Upon discharge, the GAF was at 70, which the ALJ indicated suggested some difficulty but generally she was able to function "pretty well and have some meaningful interpersonal relationships." (*Id.*, pp. 19, 663-668).

A consultative psychiatric evaluation on May 6, 2006, reported treatment until June 5, 2008 for symptoms of depression, manifested by insomnia, poor concentration and irritability. On examination, the patient's affect was depressed and irritable but her thought content was coherent, relevant and logical and was oriented in the three spheres. The GAF assessment was 45, which also suggests serious symptoms in occupational and social functioning. The ALJ, however, considered the patient's attitude was reported as appropriate for which the ALJ stated in his opinion the GAF was based on self-reported symptoms and complaints. (*Id.*, p. 19).

Additionally, in 2006 and 2007, plaintiff Román-López was treated by Dr. Alberto Rodríguez-Robles (hereafter "Dr. Rodríguez-Robles") for depression and sleep disturbances, lack of interest, fatigue and poor concentration. The mental examination

refers to an individual who appeared depressed and apprehensive. Affect was restricted and blunted. (*Id.*). Mood was depressed. The ALJ emphasized that, notwithstanding above, she was oriented without suicidal or homicidal ideas nor thought disorder. Speech appeared slow but logical. Concentration and attention were diminished, but memory was adequate. (*Id.*, p. 20).

The ALJ refers to Dr. Rojas-Davis' opinion as to the marked limitations in Román-López' abilities to sustain concentration, persistence and pace, maintain social interaction and adapt to changes in the work setting and set realistic goals. The ALJ stated Dr. Rojas-Davis' opinion was considered inconsistent and not supported by the medical evidence in its entirety, insofar as ongoing psychiatric inpatient treatment needs and examinations indicated she was cooperative and without maladaptive behaviors. On those grounds, the ALJ did not accept Dr. Rojas-Davis' conclusions. (Docket No. 7, Transcript, p. 20).

The ALJ, contrary to medical reference, concluded there was no limited range of movement when considering the existence of pain. Still, a neurological consultative evaluation by February 9, 2007 showed limited range of motion of the lumbar spine, shoulders and knees. Straight leg raising was positive, there was antalgic gait assisted by a cane on the right hand but no foot drop and X-rays of the lumbar spine –regardless of prior MRI– demonstrated minimal lower thoracic spondylosis. The ALJ noted the SIF had once determined there was no need for ambulatory devices.

On the basis of the above, the ALJ considered Román-López, a younger individual with high school education. The ALJ also took into accout generally her age, education, work experience and residual functional capacity. The ALJ presented these to the

vocational expert and, for a residual functional capacity for sedentary type of work, asked if plaintiff could perform any job which was available in the national economy. The vocational expert on such premises indicated there was the job of security system monitor, which was of sedentary physical demand and unskilled. Thus, the ALJ concluded Román-López was not considered disabled. (*Id.*, pp. 21-22). This administrative determination was affirmed by the Appeals Council.

### LEGAL ANALYSIS

The Court's review in this type of cases is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1ˢᵗ Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1ˢᵗ Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1ˢᵗ Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1ˢᵗ Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial

gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered.   20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R.  §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1.  If the impairment meets or equals one of the listed

impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from  performing the work he/she has performed in the past.  If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).  Plaintiff Román-López  was found not able to carry out any of her former jobs, for which the fifth and final step followed.

Once it was determined that the claimant cannot perform her former kind of work, then the fifth and final step of the process demands a determination on  whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience.   The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The ALJ in the instant case followed to said fifth step and through the testimony of a vocational expert identified one type of work of sedentary and unskilled nature that Román-López could perform, to wit, as a surveillance system monitor.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability.  <u>Santiago v. Secretary of Health and Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  In the present case, plaintiff Román-López was found by the ALJ unable  to perform her previous past relevant work, for which reason the testimony of a vocational expert was heard.  One must notice, however, that in presenting the availability of one job as surveillance system monitor, the hypothetical question presented, as well as the very brief testimony of the vocational expert,

referred to said job being sedentary and unskilled and not requiring fingering or fine manipulation.  Nothing was presented in the hypothetical questions nor did the vocational expert mention in his answers that plaintiff Román-López was also hindered by a mental impairment upon which she was not to have any contact with the public and occasional contact with supervisors and co-workers when addressing such job.  If anything, the hypothetical question as to no contact with the public and else was presented when the vocational expert was initially questioned as to the performance of plaintiff's previous jobs which she was determined unable to continue to perform.  (Docket No. 7, Transcript, pp. 31-32, 33).  A reading of the testimony of record does not clearly establish that the hypothetical questions posed to the vocational expert included all of plaintiff Román-López' impairments or when answering as to the availability of surveillance system monitor within her residual functional capacity for sedentary type of work, with all its limitations as to not only limitation to the use of the hands and her mental impairment.  *See* O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir. 1983).[3]   With respect to burden of the Commissioner of coming forward with evidence of specific jobs in the national economy that could be performed, in order for the vocational expert's answer to hypothetical questions to be relevant, the ALJ must clarify outputs, decide what testimony will be credited and resolve ambiguities and accurately transmit clarified output to expert in form

---

[3]  When the premises on which the vocational expert's based his response lack record support, a vocational expert's response is not substantial evidence.

Luz C. Román-López v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1971 (CVR)
Page No. 12

of assumptions.  Arocho v. Secretary of Health & Human Services, 670 F.2d 374, 375 (1ˢᵗ Cir. 1982).[4]

In plaintiff Román-López' memorandum of law, she submits that the ALJ's determinations were not supported by substantial evidence nor did the ALJ apply the correct legal standards.  The averments in opposition to the administrative decision refer that the ALJ posed hypothetical questions to the vocation expert insofar that Román-López could execute a maximum exertional capacity within the sedentary range, but in addition, there was medical evidence that her left arm was restricted to use occasionally during the day, meaning up to two hours within an eight hour day and not consecutively, for the arm would not be functional for the rest of the eight  hours, that the hands were limited to gross manipulation and were not capable of fine manipulation and that her mental capacity was limited to repetitive simple tasks, where plaintiff could not have any contact with the public but occasional contact with supervisors and co-workers.  (Docket No. 19, p. 2).  Plaintiff's memorandum also submits the ALJ erred in not submitting hypothetical questions to the vocational expert which reflected the treating psychiatric sources' reports and notes and those of the consultant psychiatric report, without giving good reason in the opinion for disregarding same.  (Id., p. 5).

The Commissioner's  memorandum of law referred to the medical evidence in the record, in particular of the treating psychiatrist as not being uncontroverted medical evidence, thus, allowing the ALJ to consider plaintiff Román-López' residual functional

---

[4] Since plaintiff's representative was not present during the vocational expert's testimony, there was no opportunity to elicit additional testimony regarding other exertional and non-exertional impairments, so the vocational expert herein relied solely on the very limited proposal of the ALJ.

capacity as presented to the vocational expert.  (Docket No. 24, p. 20).  However, the substantial evidence criteria is not one to be followed for totally uncontroverted evidence but for substantial evidence in the record as a whole.

The Commissioner's memorandum discussed plaintiff Román-López received treatment through the SIF from September 2003 through August 2009.  Dr. Alberto Rodríguez-Robles provided psychiatric evaluations reports in August 2005, March 2006 and March 2007 and, in addition, reported seeing plaintiff five times between September 2005 through March 2006.  Dr. Rodríguez-Robles indicated the patient showed restricted affect, depressed mood, slow, was logical and coherent, diminished attention and concentration.  Dr. Rodríguez-Robles also found the patient on two previous occasions to have adequate memory.  The record also shows that by March 2007, Dr. Rodríguez-Robles noted the patient was found with inadequate memory, easily distracted and had poor insight and judgment, also displaying psychomotor retardation.  (Docket No. 7, pp. 163-168).  By March 2007, remote, past, recent and immediate memory were inadequate as these were tested during the interview.  (*Id.*, p. 168).  The prognosis was poor.  (*Id.*, p. 169).  The diagnosis was of major depressive disorder, single episode with psychotic features.  Plaintiff was found unable to handle her own funds.  As to Dr. Rodríguez-Robles' consultive evaluation, the ALJ chose rather the portions of the report in that the patient was ruled alert and oriented, denying suicidal or homicidal ideations and no thought disorder.  Only the previous reports insofar as having memory, both recent and remote, appeared adequate were considered.  (Docket No. 7, p. 20; Exhibits 3F, 7F and 13 F).

The Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ regarded that psychiatric evaluations by treating psychiatrist Dr. Rojas-Davis in that the patient was markedly limited as to her ability to sustain concentration, persistence and pace, were not entirely supported by the medical evidence. The ALJ rested in that the evidence failed to show ongoing psychiatric inpatient treatment for her mental

condition.  Still, from November 30th to December 8, 2005, plaintiff Román-López was partially hospitalized at the San Juan de Capestrano because of recent suicidal and homicidal ideas and assessed with a GAF of 30 or 40.  Dr. Rojas-Davis provided statements as to plaintiff's mental condition and treatment on February 2007, June 2008 and August 2009.  He reported in 2007 symptoms of anhedonia, appetite disturbance, decreased energy, feelings of guilt/worthlessness, poverty in content of speech and mood disturbance.  He also indicated there were difficulties in thinking or concentrating, psychomotor agitation/retardation and sleep disturbance.  In 2008, Dr. Rojas-Davis referred to noticing on mental status examination a tense behavior, psychomotor retardation and depressed mood and affect.  In August of 2009, Dr. Rojas-Davis indicated the patient displayed irritated affect, recent memory affected by her condition.  He considered the patient was markedly limited in understanding and memory, including the ability to carry out very short and simple instructions, maintain attention and concentration for extended periods, sustaining an ordinary routine without special supervision, working in coordination or proximity to others without distractions, as well as in making simple work related decision, responding appropriately to changes in work settings and setting realistic goals.  (Docket No. 7, Transcript, pp. 689-90, 883-85, 893-95).

There is also in the record medical evidence regarding Román-López' exertional limitations as imposed by his back and cervical conditions.  A treating physician, Dr. Cardona-Beltrán assessed that, with the diagnosis of radiculopathy at L5-S1 with significant limited range of motion, plaintiff was only able to stand, sit or walk less than two hours in an eight-hour workday and use her hands for ten minutes.  Dr. Samuel Meléndez, a

consultative neurologist, also examined the patient on February 9, 2007, and referred to limited range of motion of the lumbar region fo the spine, shoulders and knees, having leg raising tests positive and the presence of antalgic gait.   The diagnostic impression was of chronic lumbalgia and cervicalgia, diffuse arthralgia, with no signs of inflammatory changes, bilateral carpal tunnel syndrome and lumbo sacral syndrome.  (Docket No. 7, Transcript p. 680).

This Magistrate Judge has considered above evidence in support of the ALJ's determinations and additionally reviewed the record as a whole so as to determine whether the evidence therein presented substantial evidence in support of the administrative decision.  From the evidence and discussion above, it is concluded that there is no such substantial evidence to support a denial of disability determination.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria.  Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion".  Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938).  The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5]   The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error.  *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

---

[5] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Insofar as the hypothetical questions to the vocational expert, upon which the ALJ determined the existence of jobs such as surveillance system monitor was not precluded and existed in significant quantities in the community, the questions posed to the vocational expert did not include all of plaintiff Román-López' impairments to be considered substantial evidence.

This Magistrate Judge opines the decision of the Commissioner is not supported by substantial evidence in the record as whole, insofar as plaintiff's mental condition in addition to other exertional limitations imposed by her back and neck condition that would preclude performance of plaintiff's residual functional capacity for sedentary type of work, including simple and repetitive.  Neither were the hypothetical question submitted to the vocational expert sufficient to be considered substantial evidence.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there is substantial evidence in support of the decision rendered by the Commissioner determines the Commissioner's decision is REMANDED for proper consideration of a vocational expert's testimony or any other administrative decision consistent with this opinion and order.

IT IS SO ORDERED.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, on this 25th day of January of 2013.

                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE